UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TANYA S. BALDWIN *et al*.                                                    PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:13CV-1184-R

BRIAN HARBRECHT, M.D. *et al*.                                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiffs, Tanya S. Baldwin and her boyfriend Marvin Davey, proceeding *in forma pauperis*, filed a *pro se* complaint alleging that Defendants violated their Eighth Amendment rights (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiffs bring this action against three Defendants: Brian Harbrecht, M.D.; Tathyana Fensterer, M.D.; and Angela Rivera, RN. Plaintiffs represent that all three Defendants are on the medical staff of the University of Louisville Hospital. Plaintiffs seek compensatory damages, "General Monetary Damages," punitive damages, and for Defendants to pay "Plaintiffs' medical bills" and "all court cost."

According to the complaint, on December 14, 2011, Plaintiff Davey rushed Plaintiff Baldwin to the University of Louisville Hospital because she "was complaining of Acute Abdominal and Chest pains." Apparently, Plaintiff Baldwin was admitted to that hospital and remained hospitalized until she was discharged on December 18, 2011. According to the complaint, Defendant Harbrecht was the admitting physician and the "same doctor that

deliberately misdiagnosed plaintiff Tanya Baldwin Serious Medical needs by not treating the (2) holes in her stomach and appendectomy." Plaintiffs further state that Defendant Fensterer and Defendant Harbrecht gave "Plaintiffs . . . a prescription of Levofloxcian to treat Trichinous neither plaintiffs ever had such illness or disease." As to Defendant Rivera, Plaintiffs state that she "handed plaintiff Marvin Davey a prescription personally and told him Davey to be sure to get this medication Levofloxcin, plaintiff never had any infection."

Plaintiffs state that only hours after being discharged from the University of Louisville Hospital, Plaintiff Baldwin "had to be rushed to Floyd Memorial Hospital and Health Services" and "almost lost her life." While at Floyd Memorial Hospital, Plaintiff Baldwin underwent an exploratory laparotomy in which the surgeon performed an appendectomy and repaired a duodenal ulcer.

Plaintiffs now contend that "their Constitutional Rights [were] violated by the Defendants, under the Eight Amendment Deliberate Indifferences to ones Serious Medical Needs, and to be free from Cruel and Unwanted Pain and Suffering, being Medically Misdiagnosed."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to

2

state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally* 28 U.S.C. §§ 1330 *et seq.* The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998).

3

*A. Federal-Question Jurisdiction*

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It appears that Plaintiffs are alleging that all three Defendants are employees of the University of Louisville Hospital. The University of Louisville would be considered an arm of the state under Kentucky law. *See Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 960 (6th Cir. 1986) ("The University of Louisville is a state agency cloaked with Eleventh Amendment immunity."); *Tyler v. Univ. of Louisville*, No. 3:06CV-151-R, 2006 WL 3412273, at *4 (W.D. Ky. Nov. 27, 2006) (stating that the University of Louisville "is an arm of the state under Kentucky law"). The Sixth Circuit has held that 42 U.S.C. § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499-504 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Thus, Plaintiffs have no cause of action directly under the Constitution. Therefore, the Court construes this action as being brought under 42 U.S.C. § 1983.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute [of limitations] for personal injury actions"); *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or

4

policy to do so."). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) ("The question of when the statute of limitations begins to run, however, is determined by federal law."). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action," and "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d at 273. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) ("[A] sua sponte dismissal of an in forma pauperis complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.").

Plaintiff Baldwin was treated by Defendants from approximately December 14, 2011, to December 18, 2011. Within a few hours after she was discharged from the care of Defendants, Plaintiffs state that she was rushed to Floyd Memorial Hospital and Health Services with the same symptoms and had surgery at that institution on December 19, 2011. Based on the

5

allegations of Plaintiffs, at the latest, their cause-of-action accrued on December 19, 2011, the date of Plaintiff Baldwin's surgery. This action was filed on December 9, 2013, well outside the one-year statute of limitations. Thus, the federal claims are time-barred.

Furthermore, the Eighth Amendment protects prisoners from cruel and unusual punishment after conviction. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Plaintiffs are not prisoners; thus, the Eighth Amendment does not apply to their situation.

## B. Diversity Jurisdiction

Title 28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiffs allege an amount in controversy that exceeds the statutory requirement and, based on their representations, Plaintiffs' citizenship is different from that of Defendants.

Liberally reading the complaint, the Court construes that Plaintiffs are raising a medical malpractice claim. The same one-year statute of limitations and accrual analysis applies to Plaintiffs' medical malpractice claim. *See* Ky. Rev. Stat. Ann. § 413.140(1)(a) and (e); *Coate v. Montgomery Cnty., Ky.*, No. 99-6123, 2000 WL 1648131, at *3 (6th Cir. Oct. 27, 2000). As previously discussed, based on the allegations of Plaintiffs, their cause-of-action accrued at the latest on December 19, 2011, the date of Plaintiff Baldwin's surgery. This action was filed on

6

December 9, 2013, well outside the one-year statute of limitations.  Thus, the state-law diversity claim is also time-barred.

Accordingly, this action will be dismissed by separate Order pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as being frivolous and § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.  *See Fraley v. Ohio Gallia Cnty.*, 1998 WL 789385 (finding that the district court correctly *sua sponte* dismissed the action under 28 U.S.C. § 1915(e)(2) as frivolous since it was obvious from the complaint that it was barred by the statute of limitations).

Date:




cc:     Plaintiffs, *pro se*
        Defendants
4413.003